FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: GIGA WATT INC., <br><br>  Debtor. <br>_____ <br><br> JUN DAM, <br><br>  Appellant, <br><br>  v. <br><br> MARK D. WALDRON, Chapter 7 Panel Trustee; POTOMAC LAW GROUP PLLC, <br><br>  Appellees. | No. 2:24-CV-00334-SAB <br><br> **ORDER OF DISMISSAL** |

Before the Court is Appellees' Motion to Dismiss Jun Dam's Appeal on Equitable Grounds, ECF No. 3. Appellant is pro se. Appellees are represented by Pamela Egan. The motion was heard without oral argument.

## BACKGROUND

The Giga Watt Project was formed to build and run a large-scale cryptocurrency mining operation. As part of the project, Giga Watt sold so-called "WTT Tokens" that entitled a token purchaser to use electricity generated by the Giga Watt facility to mine and generate cryptocurrency. The sales proceeds from the WTT Tokens totaled more than $22 million, which was held by Perkins Coie LLP ("Perkins") in an escrow account. After the initial sale of tokens was complete, Perkins provided refunds to some purchasers, paying them from the

**ORDER OF DISMISSAL #1**

escrow fund. Perkins subsequently transferred $21.6 million to Giga Watt entities, and by February 22, 2018, the escrow account was depleted.

Giga Watt filed for Chapter 11 bankruptcy on November 19, 2018, in the Eastern District of Washington ("the Bankruptcy Case"). Appellee Mark D. Waldron ("Trustee Waldron") was appointed as the Chapter 11 Trustee on January 24, 2019. On November 30, 2020, Trustee Waldron commenced an adversary proceeding (the "Adversary Proceeding") against Perkins alleging that Perkins's disbursement of the escrow funds violated a fiduciary duty that resulted in Giga Watt's collapse. On December 15, 2020, the Bankruptcy Court entered an order approving the employment of Appellee Potomac Law Group ("PLG") as special litigation counsel in the Adversary Proceeding. Pursuant to this employment, PLG was entitled to a 30% contingency fee of any recoveries obtained up to $10 million and a 25% contingency fee of any recoveries obtained that were greater than $10 million, subject to Bankruptcy Court approval.

On December 16, 2020, Appellant Jun Dam ("Dam") filed a class action lawsuit in this Court (the "Class Action Suit"). The class members consisted of individuals who had purchased WTT Tokens, and the class was represented by two law firms: Blood, Hurst & O'Reardon, LLP and the Western Washington Law Group, PLLP. ("Class Counsel").

PLG proceeded to work on the Adversary Proceeding for approximately three and a half years without objection—over one year of which was spent negotiating with Perkins and Class Counsel. They ultimately reached an agreement to settle both the Adversary Proceeding and the Class Action Suit (the "Settlement Agreement"), wherein Perkins agreed to pay $3 million to the bankruptcy estate and $4.5 million to the class members.

On October 4, 2023, the Bankruptcy Court approved the Settlement Agreement. On February 2, 2024, this Court entered a preliminary approval of the Settlement Agreement. The class members were allowed to object or opt-out, but

ORDER OF DISMISSAL #2

none did, and this Court then entered final approval of the Settlement Agreement on May 23, 2024.

The Settlement Agreement defines a "Released Claim" as "any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties . . . ." It further defines "Released Parties" as the bankruptcy estate, Trustee Waldron, and "agents and attorneys" of the bankruptcy estate. Finally, it defines a "Releasing Party" as "Plaintiff and each and every Class Member." Under the Settlement Agreement's release clause, each Releasing Party was deemed to have waived any Released Claim against any Released Party.

On July 26, 2024, PLG filed its final fee application, seeking $900,000 (*i.e.*, 30% of the $3 million adversary proceeding settlement), plus $1,648.15 in expenses. However, on August 22, 2024, Dam filed an objection, asking the Bankruptcy Court not to disburse any funds from the bankruptcy estate to PLG. On September 17, 2024, the Bankruptcy Court granted PLG's application over Dam's objection, noting that counsel for PLG indicated that she spent 2,536.8 hours working on the Adversary Proceeding and that her typical rate is $600. Thus, PLG estimated its services were valued at $1,522,080 and the Bankruptcy Court found that the requested $900,000 was reasonable. The fees were paid to PLG on September 19, 2024.

On September 26, 2024, Dam filed his Notice of Appeal in the U.S. District Court for the Eastern District of Washington in case No. 2:24-cv-00334-SAB, contending that the award of fees were inappropriate due to "lack of standing and other procedural issues." On October 1, 2024, Appellees filed this Motion, asking the Court to deny Dam's appeal on equitable grounds.

## MOTION STANDARD

When a district court reviews a bankruptcy court decision, it reviews legal conclusions de novo, factual conclusions for clear error, and mixed questions of

**ORDER OF DISMISSAL #3**

fact and law de novo. *See Banks v. Gill Distribution Centers, Inc.*, 263 F.3d 862, 867 (9th Cir. 2001).

Under 11 U.S.C. § 330, a bankruptcy court may award reasonable compensation to a trustee, or an attorney employed by the trustee. When determining reasonable compensation, courts must consider all relevant factors, including (1) the time spent on such services; (2) the rates charged for such services; and (3) whether the services were necessary or beneficial to the administration or completion of the case. 11 U.S.C. § 330(a)(3).

A bankruptcy appeal is "equitably moot" when, absent a stay of the case, events occur that prevent the appellate court from being able to provide effective relief. *In re S.S. Retail Stores Corp.*, 216 F.3d 882, 885 (9th Cir. 2000) However, even if a bankruptcy appeal is not equitably moot, a district court may still dismiss the appeal if it finds equity weighs in favor of dismissal. *Id*.

A class member who lacks adequate legal representation is not bound by a class action judgment; however, a class member who is represented by counsel during a class action settlement hearing is bound by that settlement agreement. *Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295, 1299 (9th Cir. 1981).

## ANALYSIS

The main thrust of Dam's argument is that the release clause of the Settlement Agreement—that was approved by this Court—is void and unenforceable. Putting his arguments aside, Dam was represented by legal counsel during the Class Action Suit and cannot now launch a collateral attack on the Settlement Agreement. *See Dosier*, 656 F.2d at 1299.

Even assuming Dam could collaterally attack the Settlement Agreement, without PLG's services there would be no Settlement Agreement for Dam to dispute. PLG spent 2,536.8 hours working on the Adversary Proceeding over three and a half years—over a year of which was spent negotiating the Settlement Agreement with Perkins and Class Counsel. And despite being present at the

**ORDER OF DISMISSAL #4**

Settlement Agreement negotiations and receiving the opportunity to opt out of the Settlement Agreement, Dam never objected to PLG's representation or opted out of the Settlement Agreement. In light of these facts, equity weighs in favor of dismissing the appeal and Appellee's Motion to Dismiss on Equitable Grounds is **granted**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Appellees' Motion to Dismiss Jun Dam's Appeal on Equitable Grounds, **ECF No. 3**, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Appellant and appellee counsel, and **close** the file.

**DATED** this 9th day of April 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL #5**